CASE 2—FORCIBLE DETAINER—JANUARY 8.

# Unger v. Bamberger.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. THE MERE HOLDING OVER BY THE TENANT, where there is a renting to expire at the end of the year, will not make him a tenant for another year unless the holding is for a greater period than ninety days from the expiration of the term without proceedings to remove him; but he may obtain the right to hold another year by contract with his landlord.

·In this case where there was a renting from year to year, the rent payable monthly, the tenant had entered upon his ˈfourth year and paid one month's rent in that year, when the landlord instituted this proceeding to remove him. The proof shows that the contract was, when the tenant started out in any year he became a renter for that year. *Held*—That the tenant had the right to hold another year, and was entitled to a peremptory instruction.

2. THE LANDLORD HAVING SOLD THE RENTED PREMISES, his vendee occupies no better position with reference to the tenant than he, the landlord, occupied.

ERNEST MACPHERSON FOR APPELLANT.

1. A tenancy from year to year may exist in Kentucky. (Morehead v. Watkyns, 5 B. Monroe, 229; Hauser v. Romer, Ky. Law Jour. and ˈRep., p. 816, April, 1883; Mendel v. Hall, 13 Bush, 234; Taylor's Landlord and Tenant, chapter 11, section 475, p. 344; ˈBell v. Norris, 79 Ky. Reports, p. 49.)

2. Though tenancies from year to year had been abrogated by sec. 1, art. 4, chapter 66, General Statutes, it would nevertheless have been competent and lawful for a landlord and his tenant to agree that the tenancy should be from year to year.

3. Forfeitures aside, a tenancy from year to year can be terminated in two ways only, viz.: (1) by agreement, and (2) by a notice to quit, given a proper time *before* the end of the rental year, by either party, the notice to end with the end of the year. If, without such notice, the occupation goes beyond the expiration of any year, a new year is entered upon, and a *right* to enjoy it arises. (Taylor's Land. and Ten., section 476.)

4. If a tenant, from year to year, after the end of any year, pays rent to his landlord which he receives as such, and said rent is owed or paid for the use of the premises after the end of a year, such payment and receipt of itself creates a new contract or renewal of the tenancy from year to year, and for the current year in which the rent is paid the tenant will have the right to remain in possession of the leased premises. (Taylor's Land. and Ten., sections 22 and 58.)

5 Where, by verbal contract, a landlord lets premises to his tenant for a longer period than one year, and the tenant holds for a longer period than one year with the landlord's consent, the *law* makes this holding a tenancy from year to year. (Moorehead v. Watkyns, 5 B. Monroe, 229, and Hauser v. Romer, *supra.*)

6. At common law where a case was tried, and *no* issue was made up, a new trial would be given. Handly v. Travis, Sneed, 139; Goodloe v. Chapman, Sneed, 226.)

7. *Demand* of possession and refusal by tenant must be proved to have been made on the day the forcible detention is charged to have

Unger v. Bamberger.

occurred. (Civil Code, section 454; Thompson v. Shepherd, 2 Bush, 177; Beymoth v. Mandeville, 5 Bush, 584.)

8. At common law only the plaintiff could have judgment *non obstante veredicto*, and this judgment was always on the merits. (Chitty on Pleading, volume 1, p. 657; Bouvier Law Dict., title Judgment, section 31. But under the Code either party may have the judgment if entitled to it on the pleadings, and this irrespective of the merits of the case. (Civil Code, 386; Evans v. Stone, 80 Ky. Reports, p. 79.)

8. The traverser, in case of forcible detainer, is entitled to judgment in the circuit court, though a verdict may have been rendered against him, if the traversee fail, by written plea, to join issue on the traverse. (Civil Code, sections 115, 114, 386 and 465; Evans v. Stone, *supra*; Dibble v. Porter, 1 Duvall, 190; Todd v. Bates, 3 Bibb, 100; Act 1810, approved January 31, 1810. Nor is this right waived by a motion made for a new trial. Howser v. Watson, Ky. Law Jour., December, 1881, p. 306.)

GOODLOE & ROBERTS OF COUNSEL ON SAME SIDE.

M. A. & D. SACHS FOR APPELLANT.

1. A wide discretion is allowed in permitting a party to introduce additional testimony after announcing himself through. (6 Ky. Law Rep., 306; Larman v. Hurley's Heirs, 13 B. Mon., 438.)

2. Appellant's tenancy began at a certain date, to end one year from that time, and is just such a tenancy as is contemplated by article 4 of chapter 66, General Statutes. Therefore, as appellee demanded and instituted proceedings to obtain possession within the ninety days fixed by the statute, he was clearly entitled thereto. (Mendel v. Hall 13 Bush, 232.)

3. The words "express contract," as used in the statute, refer to an agreement made before the expiration of the term for another definite term.

4. Appellant, by making a motion for a new trial, waived his motion for judgment *non obstante veredicto*. The motion for a new trial admits an issue of fact, while the motion *non obstante* is based upon the id that there was no issue. (Stephen on Pleading (Tyler), p. 1 Owensboro Water Co. v. City of Owensboro, 5 Ky. Law Rep., 665.)

5. This is a special proceeding that requires no pleadings. A motion for judgment, notwithstanding the verdict, cannot be made in such a proceeding. (Civil Code, sections 87, 88, 89 and 386.

Such proceedings should not be scrutinized with technical strictness. (Pollard v. Otter, 4 Dana, 517; Case v. Roberts, 4 Dana, 596; Dibble v. Porter, 1 Duv., 190; Barrett v. Chitwood, 2 Bibb, 431; Jones v. Skiles, 1 A. K. Mar., 54.)

6. Judgment *non obstante* can be rendered only on application of plaintiff. (Freeman on Judgments, section 7, subsection 4, chap. 1, and cases referred to in note 1; Stephen on Pleading (Tyler), ed. 1875, p. 126.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This is a controversy between landlord and tenant, by a writ of forcible detainer, under which an ejection was had. The tenant claims that he was holding as a tenant from year to year, and the term of one year having expired without notice to quit, the holding over entitled him to the use and possession for another year. Again, the tenant says that he was holding over, and entitled to the possession for another year under a contract made with his landlord. Article 4 of chapter 66, General Statutes, provides that: "If by contract a term or tenancy for a year or more is to expire on a certain day, the tenant shall abandon the premises on that day, unless by express contract he secures the right to remain longer." It is further provided, that if he holds over without such contract, proceedings may be had to eject him within ninety days after the term of renting expires. But if proceedings are not had within that time, then he can hold for one year longer from the time the tenancy expired.

We think it doubtful, from the testimony introduced by the appellee, whether any contract was entered into by which the renting was, for a year or more, to expire on a certain day. The tenant entered renting for one year, with the privilege of two, and after that he rented for another year, with the understanding that he was to have it, according to the testimony of the appellee, until his landlord wanted it; but assuming, as both parties contend, that it was a renting from year to year, the rent to expire on the first of May each year, the rent payable monthly, then it is plainly proven by the witness for the appellee that when he

started out on one year he became a renter for that year, and such he understood to be the terms of the contract.   This fact is also clearly established by Unger, the testimony on both sides conducing to show such a contract; and we think the testimony of the appellee is as conclusive as to this matter, if not more so, than that of the appellant.   The appellant had not only entered upon his fourth year, but had actually paid the rent to his landlord, who had sold the house and lot to the appellee.   The mere holding over, where there is a renting to expire at the end of the year, will not make the party in possession a tenant for another year, unless the holding is for a greater period than ninety days from the expiration of his term, without proceedings to remove him; but he may obtain the right to hold another year by contract with his landlord; and the payment of one month's rent in the last year, and after the third year had expired, would be persuasive evidence of the existence of such a contract. But in addition to that, the testimony conduces clearly to show a contract by which the tenant had the right to hold another year.   The sale by the landlord to the appellee placed the latter in no better condition with reference to the tenant than the landlord occupied. In our opinion, from the proof of appellee, the peremptory instruction should have been given.   The judgment reversed, and remanded for proceedings consistent with this opinion.